# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| USI Senior Holdings, Inc., *et al.*,[1] | Case No. 09-11150 (MFW) |
| Debtors. | Jointly Administered |
| | Objection Deadline: July 20, 2009, 4:00 p.m.<br>Hearing Date: Only if an objection is filed. |

## SECOND MONTHLY FEE APPLICATION OF ALVAREZ & MARSAL SECURITIES, LLC FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS FINANCIAL ADVISOR TO THE DEBTORS FOR THE PERIOD FROM MAY 1, 2009 THROUGH MAY 31, 2009

| | |
|---|---|
| Name of Applicant: | Alvarez & Marsal Securities, LLC |
| Authorized to Provide Professional Services to: | Debtors and Debtors In Possession |
| Date of Retention: | Order entered April 23, 2009 [Docket No. 68] *Nunc Pro Tunc* to the petition date |
| Period for which compensation and reimbursement is sought: | May 1, 2009 through May 31, 2009 |
| Amount of compensation sought as actual, reasonable and necessary: | $100,000.00 |
| 80% of compensation sought as actual, reasonable and necessary: | $80,000.00 |
| Amount of expense reimbursement sought as actual, reasonable and necessary: | $589.00 |

This is a: X monthly __ quarterly __ final application.

This is Alvarez & Marsal Securities, LLC's second monthly fee application in this case.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: USI Senior Holdings, Inc. (1964); United Subcontractors, Inc. (2162); USI Intermediate Holdings, Inc. (2073); San Gabriel Insulation, Inc. (8715); Construction Services & Consultants, Inc. (8488); and Tabor Insulation, Inc. (8179).

## Summary of A&M Monthly Fee Applications

| Date & Docket No. | Filing Period | Requested Fees | Requested Expenses | CNO Date & Docket No. | Approved Fees | Approved Expenses | Unapproved Holdback |
|---|---|---|---|---|---|---|---|
| May 20, 2009 | 4/1/2009 Through 4/30/2009 | $100,000.00 | $765.00 | 6/12/2009 Docket No. 145 | $80,000 | $765.00 | $20,000 |
| June 30, 2009 | 5/1/2009 Through 5/31/2009 | $100,000.00 | $589.00 | Objection Deadline, July 20, 2009 | | | |

## Timekeeper Summary

| Timekeeper | Position | Description | Rate[2] | Hours |
|---|---|---|---|---|
| George Varughese | Managing Director | Investment Banking Services | - | 3.5 |
| Mark Belanger | Managing Director | Investment Banking Services | - | 10.0 |
| Eddie Suttiratana | Director | Investment Banking Services | - | 7.0 |
| Adeola Roluga | Analyst | Investment Banking Services | - | 1.0 |
| | | | **Total** | **21.5** |

---

[2] Pursuant to the Engagement Letter between A&M and the Debtors dated as of January 10, 2009, attached as Exhibit C to the Debtors' application to retain A&M as financial advisors [Docket No. 29] as approved by the Court's April 23, 2009 order approving A&M's retention [Docket No. 68], A&M is entitled to a fixed Monthly Fee (as defined therein) of $100,000.00 for its services. Accordingly, A&M has not attributed an hourly rate to the services it has provided.

## Expense Category Summary

| Expense Category | Amount |
|---|---|
| Travel | $589 |
| **Totals** | **$589** |

923016v.1/34153

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| USI Senior Holdings, Inc., *et al.*,[1] | ) Case No. 09-11150 (MFW) |
| Debtors. | ) Jointly Administered |
| | ) Objection Deadline: July 20, 2009, 4:00 p.m.<br>) Hearing Date: Only if an objection is filed. |

## SECOND MONTHLY FEE APPLICATION OF ALVAREZ & MARSAL SECURITIES, LLC FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS FINANCIAL ADVISOR TO THE DEBTORS FOR THE PERIOD FROM MAY 1, 2009 THROUGH MAY 31, 2009

By this application (the "Application"), pursuant to sections 328(a), 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Alvarez & Marsal Securities, LLC ("A&M") hereby seeks reasonable compensation for financial advisory services rendered as financial advisor to the above-captioned debtors and debtors in possession (collectively, the "Debtors"), together with reimbursement for actual and necessary expenses incurred for the period commencing May 1, 2009, through and including May 31, 2009 (the "Fee Period"). Pursuant to the Court's *Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Members of Official Committees* dated April 21, 2009 [Docket No. 62] (the "Interim Compensation Order"), A&M seeks payment of compensation for 80% of its total reasonable and necessary fees incurred during the Fee Period,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: USI Senior Holdings, Inc. (1964); United Subcontractors, Inc. (2162); USI Intermediate Holdings, Inc. (2073); San Gabriel Insulation, Inc. (8715); Construction Services & Consultants, Inc. (8488); and Tabor Insulation, Inc. (8179).

together with reimbursement for 100% of the actual and necessary expenses incurred during the Fee Period. In support of this Application, A&M represents as follows:

## Background

1.   · On March 31, 2009 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the Debtors' chapter 11 cases (the "Chapter 11 Cases"). The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases and, as of the date of the filing of this Motion, no official committees have been appointed or designated. The Debtors' Chapter 11 Cases are being jointly administered pursuant to the Court's *Order Directing Joint Administration of Chapter 11 Cases*, entered April 2, 2009.

2. The factual background relating to the Debtors' commencement of these Chapter 11 Cases is set forth in detail in the *Declaration of Timothy J. Gallagher, Chief Financial Officer of the Debtors, in Support of First Day Pleadings* (the "Gallagher Declaration") filed on the Petition Date and incorporated herein by reference.

3. On June 25, 2009 the Court entered an order confirming the Debtors' Amended Joint Chapter 11 Plan of Reorganization Dated as of May 18, 2009 (as modified and confirmed, the "Plan") [Docket No. 183]. The Plan became effective on June 30, 2009.

4. The Debtors have retained A&M as their financial advisor pursuant to the *Order Approving the Retention of Alvarez & Marsal Securities, LLC as Financial Advisor to the Debtors Nunc Pro Tunc to the Petition Date* [Docket No. 68] (the "A&M Retention Order") entered by the Court on April 23, 2009. The A&M Retention Order approved A&M's retention pursuant to the terms of that certain engagement letter dated January 10, 2009 between A&M

and the Debtors which provides for A&M to receive, among other compensation, a Monthly Fee (as defined therein) of $100,000 per month for its services. The A&M Retention Order further provides (i) that A&M and it's professionals shall only be required to maintain time records in one hour billing increments, and (ii) that A&M's fees and expenses shall be subject to approval by the Court only in accordance with the standard set forth in section 328(a) of the Bankruptcy Code, except that the Office of the United States Trustee shall have the right to object to A&M's fees based on the reasonableness standards provided for in sections 330 and 331 of the Bankruptcy Code.

### Jurisdiction and Venue

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

6. The statutory predicates for the relief requested herein are sections 328, 330 and 331 of the Bankruptcy Code.

### Relief Requested

7. A&M submits this Application in accordance with the Interim Compensation Order. All services for which A&M requests compensation were performed for, or on behalf of, the Debtors.

8. In connection with the professional services rendered during the Fee Period, A&M incurred fees in the amount of $100,000.00 and expenses in the amount of $589.00.[2] By this Application, pursuant to the Interim Compensation Order, A&M seeks payment of

---

[2] The amount of expenses set forth herein is based upon disbursements processed to date. Additional expenses may have been incurred during the Fee Period but not yet processed. A&M reserves the right to correct, amend and/or supplement this Application as necessary.

$80,589.00, which is comprised of (i) compensation for 80% of the fees incurred by A&M during the Fee Period in the amount of $80,000.00, and (ii) reimbursement for 100% of expenses incurred during the Fee Period in the amount of $589.00.

9. Attached hereto as **Exhibit A** is a detailed summary of time spent rendering financial advisory services to the Debtors supporting A&M's request for payment of compensation for fees incurred during the Fee Period. Attached hereto as **Exhibit B** is a detailed list of disbursements made supporting A&M's request for expense reimbursement for the Fee Period.

10. Given the nature and value of the services that A&M provided to the Debtors as described herein, the interim amounts sought under this Application are fair and reasonable under section 330 of the Bankruptcy Code.

11. A&M has received no payment and no promises for payment from any source for services rendered in connection with this case other than those in accordance with the Bankruptcy Rules. There is no agreement or understanding between A&M and any other person (other than members of A&M) for the sharing of compensation to be received for the services rendered in this case.

## Summary of Services Rendered

12. In general, the services that A&M rendered as financial advisor to the Debtors included, without limitation, the following:

(a) Providing financial advisory services to the Debtors in connection with developing and seeking approval of a chapter 11 plan of reorganization (the "Plan");

(b) Reviewing the Debtors' Plan and related disclosure statement;

(c) Assisting the Debtors in the preparation of a liquidation analysis;

(d) Assisting the Debtors in negotiations with creditors, shareholders and other appropriate parties in interest;

(e) Attending meetings of the Debtors' Boards of Directors; and

(f) Attending hearings before the Bankruptcy Court with respect to matters upon which A&M has provided advice, including coordinating with the Debtors and their counsel with respect to testimony in connection therewith.

13. A&M took care to ensure that no unnecessary duplication of services occurred in its rendering of financial advisory services during the Fee Period.

## Amounts Requested

14. A&M seeks payment of compensation in the amount of $80,000.00 comprising 80% of its total fees incurred in connection with the professional services rendered during the Fee Period, summarized above and detailed in **Exhibit A**.

15. A&M also seeks reimbursement for actual and necessary costs and expenses related to these cases, incurred or disbursed during the Fee Period, in the amount of $589.00 as detailed in **Exhibit B** and summarized in the attachments hereto.

16. Pursuant to Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware, A&M represents that it does not charge for copying, scanning, printing or facsimiles.

17. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amounts requested for compensation and expense reimbursement are fair and reasonable given: (a) the complexity of these cases; (b) the time expended; (c) the nature and extent of the services rendered; (d) the value of such services; and (e) the cost of comparable services other than in a case under the Bankruptcy Code.

18. The undersigned has reviewed the requirements of Local Rule 2016-2, and certifies that this Application and the Exhibits attached hereto comply therewith and that a copy of this Application has been sent to the parties set forth in the Interim Compensation Order.

WHEREFORE, in accordance with the Interim Compensation Order, A&M requests interim approval of A&M's fees for the Fee Period in the amount of $100,000.00, the total compensation for professional services rendered, 80% of which is to be currently paid by the Debtors upon the filing of a certificate of no objection, and approval of reimbursement for expenses incurred and disbursements made by A&M during the Fee Period in the amount of $589.00, 100% of which is to be currently paid by the Debtors upon the filing of a certificate of no objection.

Dated: June 30, 2009
       Wilmington, Delaware

                                            /s/ Eddie Suttiratana
                                            Eddie Suttiratana
                                            Alvarez & Marsal Securities, LLC
                                            600 Lexington Avenue
                                            New York, New York 10022

                                            *Financial Advisor for the Debtors and Debtors in Possession*