## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| USI Senior Holdings, Inc., *et al.*,[1] | ) | Case No. 09-11150 (MFW) |
| | ) | |
| Reorganized Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Re: Docket No. 218** |
| | ) | |

## ORDER APPROVING THE FIRST AND FINAL FEE APPLICATION OF ALVAREZ & MARSAL SECURITIES, LLC FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS FINANCIAL ADVISOR TO THE DEBTORS FOR THE PERIOD FROM APRIL 1, 2009 THROUGH JUNE 30, 2009

Upon consideration of the First and Final Application of Alvarez & Marsal Securities, LLC ("A&M") for Compensation for Services Rendered and Reimbursement of Expenses as Financial Advisor to the Debtors for the Period From April 1, 2009 through June 30, 2009 (the "Application"), and the Court being fully advised in the premises and a hearing having been held before the Court to consider the Application (the "Hearing"):

IT IS HEREBY FOUND AND DETERMINED THAT:

A.    The Court has jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334.

B.    This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

C.    Venue is proper pursuant to 28 U.S.C. § 1409.

---

[1]    The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, are:  USI Senior Holdings, Inc. (1964); United Subcontractors, Inc. (2162); USI Intermediate Holdings, Inc. (2073); San Gabriel Insulation, Inc. (8715); Construction Services & Consultants, Inc. (8848); and Tabor Insulation, Inc. (8179).

D.     Proper and adequate notice of the Application and the Hearing was given and no other or further notice is required.

E.     The compensation requested in the Application is fair and reasonable given: (a) the complexity of these chapter 11 cases; (b) the time expended; (c) the nature and extent of the services rendered; (d) the value of the services rendered; and (e) the costs of comparable services other than in a case under title 11 of the United States Code.

F.     The expense reimbursement sought in the Application represents actual and necessary expenses incurred by A&M in connection with these chapter 11 cases.

G.     The legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein.

IT IS HEREBY ORDERED THAT:

1.     The Application is GRANTED on a final basis as set forth herein.

2.     A&M's fees in the amount of $2,900,000.00 on account of services rendered during the period from April 1, 2009 through June 30, 2009 (the "Application Period") are allowed on a final basis.

3.     A&M's expense reimbursement in the amount of $2,219.87 on account of expenses incurred during the Application Period is allowed on a final basis.

4.     The Debtors are authorized and directed to promptly pay to A&M fees and expense reimbursement in the aggregate amount of $2,902,219.87 less the amounts previously paid to A&M on an interim basis.

927082v.1/34153

5.    The Court shall retain jurisdiction over any all disputes arising out of or otherwise relating to the interpretation, performance, and enforcement of the terms and provisions of this Order.

Dated: August 2\ , 2009
        Wilmington, Delaware

                            MARY F. WALRATH
                            UNITED STATES BANKRUPTCY JUDGE

927082v.1/34153